**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN BYRON ESTUPINAN,

       Petitioner,

v.                             CASE NO. 8:04-CV-2398-T-30TGW
                                           8:03-CR-124-T-30TGW

UNITED STATES OF AMERICA,

       Respondent.

_____/

## O R D E R

      Petitioner, an inmate in the federal penal system proceeding *pro se*, initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CV Dkt. 1).  The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2005),[1] and finds, for reasons set forth below, that service of the motion on Respondent is not required.

### Background

      On June 11, 2003, the Petitioner pled guilty to one count of possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. §§ 1903(a), 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (CR Dkt. 87).  In his plea agreement, Petitioner expressly waived his right

---

[1]Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

to appeal his sentence:

> . . . directly or collaterally on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt. 72 at 12.  Petitioner's guilty plea was accepted on July 3, 2003 (CR Dkt. 107), and he was adjudicated guilty. Petitioner was sentenced on October 3, 2003, to a 168-month term of imprisonment, to be followed by a 36-month term of supervised release  (CR Dkt. 140). Petitioner's judgment of conviction was entered on October 7, 2003 (CR Dkt. 141). Petitioner did not file a direct appeal.

On September 29, 2004,[2] Petitioner timely filed this § 2255 motion contesting his sentence based on the holdings in *Apprendi*[3] and *Blakely*[4] (CV Dkt. 1, Attach. (unnumbered)).  For reasons set forth below, the Court finds that since "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Petitioner] is not entitled to relief," the motion is subject to summary dismissal.  Rule 4(b), Rules Governing Section 2255 Proceedings (2005).

---

[2]Although Petitioner's motion was not received by the Clerk for filing until November 1, 2004, the document was executed on September 29, 2004.  This circuit considers § 2255 motions and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[3]*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[4]*Blakely v. Washington*, 542 U.S. 296 (2004), ) (applying the rule of *Apprendi*, the Supreme Court held that the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings).

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by

recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

## Discussion

The crux of Petitioner's complaint is that the sentence he received was greater than he expected to receive when he signed the plea agreement.  When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea.  *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed.  The waiver includes claims of ineffective assistance of counsel at sentencing.  *See Williams*, 396 F.3d at 1342.

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 87). A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted).  One of the consequences of Petitioner's plea agreement is his waiver of the right to appeal his sentence, directly or *collaterally*.  In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant.  Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166,  1168 (11th Cir. 1999) (emphasis added; citation omitted).  *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

4

In the plea agreement, Petitioner was placed on notice that the drug charge to which he agreed to plead guilty carried a mandatory minimum sentence of ten (10) years imprisonment with a maximum of life imprisonment, a term of supervised release of not more than five (5) years, and a fine of not more than $4,000,000 (CR Dkt. 72 at 2). Petitioner was only sentenced to a term of 168  months imprisonment (CR Dkt. 140 at 2). The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).  Petitioner's claim that the Court erred in imposing a 168-month sentence does not fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing guidelines.  *See Bushert*, 997 F.2d at 1351.  When he entered his plea to a violation of 46 U.S.C. App. § 1903(a) and (g),[5] Petitioner became eligible for a term of ten years to life imprisonment.   Clearly, Petitioner's 168-month sentence is within the statutory maximum for the offense of conviction.

In *United States v. Jones*, the Eleventh Circuit stated:

[W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing.  *See United States v. Hourihan,* 936 F.2d 508,

---

[5]Title 46 U.S.C. App. § 1903 provides, in relevant part, that "[i]t is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, or who is a citizen of the United States or a resident alien of the United States on board any vessel, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance. . . . (g)(1) Any person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960)." Pursuant to 21 U.S.C. § 960(b)(1) any person found to be in violation of 46 U.S.C. App. § 1903 involving 5 kilograms or more of a mixture or substance containing a detectable amount of "cocaine, its salts, optical and geometric isomers, and salts or isomers . . . shall be sentenced to a term of imprisonment of not less than 10 years and not more than life and . . . a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual." 21 U.S.C. § 960(b)(1)(B)(ii).

(11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998).  Following the change of plea hearing on June 11,

2003, United States Magistrate Judge Thomas G. Wilson reported to this Court as follows:

> The defendant, by consent, has appeared before me pursuant to Rule 11, F.R.Cr.P., and Rule 6.01(c)(12), M.D. Fla. Rules, and has entered a plea of guilty to Count Two of the Indictment.  *After cautioning and examining the defendant under oath concerning each of the subjects mentioned in Rule 11,*[6] I determined that the guilty plea was knowledgeable and voluntary as to this count, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense.  I therefore recommend that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly.

(Dkt. 90 (footnote and emphasis added)).  Notably, Petitioner did not file an objection to the

magistrate's report. Moreover, when he executed the plea agreement, Petitioner certified

that the he had read the agreement and understood the terms thereof.  *See* CR Dkt. 72

at16.  A defendant's statements at the Rule 11 proceedings are accepted as conclusive

---

[6]"Before the court accepts a plea of guilty . . . , the defendant may be placed under oath, and the court must address [him] personally in open court. . . . [T]he court must inform the defendant of, and determine that the defendant understands, the following:  (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; (B) the right to plead not guilty, or having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding; (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere; (G) the nature of each charge to which the defendant is pleading; (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution; (L) the court's obligation to impose a special assessment; (M) the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances; and (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Rule 11(b)(1)(A)-(N), Fed. R. Crim. P.

unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997).  Petitioner fails to meet this burden.  There is nothing in the record to overcome Magistrate Judge Wilson's finding, based on Petitioner's sworn statements at the change of plea hearing, that the "guilty plea was knowledgeable and voluntary" (CR Dkt. 90). The Court is satisfied that he understood the full significance of the appeal waiver.  Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.  *See Bushert*, 997 F.2d at 1350.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the conspiracy charge was dismissed (CR Dkt. 140).  The Government is likewise entitled to the benefit of its bargain.  Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

As to Petitioner's assertion that his sentence violates his Sixth Amendment right to a trial by jury, this argument is premised on the line of Supreme Court cases holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Eleventh Circuit has held that *Apprendi* and its progeny, *see United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738 (2005),[7] and *Blakely v. Washington*, 542 U.S. 296 (2004), are not retroactive to cases on collateral review:

---

[7]After Petitioner filed his § 2255 motion, the Supreme Court further explained that the holding in *Blakely* applies to the Federal Sentencing Guidelines. *See United States v. Booker*, __ U.S. __, 125 S.Ct. 738, __ L.Ed.2d __ (Jan. 12, 2005). To the extent Petitioner's motion turns on the application of *Blakely*, it also turns on the application of *Booker*.

While neither this Court nor the Supreme Court has addressed the retroactivity of *Blakely* or *Booker* in the context of a § 2255 motion, the Supreme Court's recent decision in *Schriro v. Summerlin*, 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is essentially dispositive. In *Schriro*, the Supreme Court concluded that the new requirement in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and *Booker*, is an application of *Apprendi*'s principles, does not apply retroactively to cases on collateral review. *Schriro*, 124 S.Ct. at 2526-27.

In *Ring*, the Supreme Court concluded that an Arizona law was unconstitutional under *Apprendi* because it placed in the hands of the judge the power to find any one of ten aggravating factors necessary to trigger the death penalty. The Supreme Court in *Ring* concluded that the Sixth Amendment gave a defendant the right to have a jury find such aggravating sentencing factors beyond a reasonable doubt. *Ring*, 536 U.S. at 609, 122 S.Ct. at 2443.

In *Schriro*, the Supreme Court analyzed the *Ring* rule under *Teague*, and concluded that *Ring*'s jury requirement on aggravating sentencing factors was a new rule of criminal procedure and not a substantive rule. *Schriro*, 124 S.Ct. at 2523. The Supreme Court noted that *Ring* did not alter the range of conduct that the Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Id.* The Supreme Court then stated that "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules. . . ." *Id.* (emphasis added).

The Supreme Court's statements in *Schriro* regarding the *Ring* rule also apply to *Booker*. In *Booker*, a majority of the Supreme Court, in an opinion authored by Justice Stevens, concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756; *In re Anderson*, --- F.3d ----, 2005 WL 123923, at *2 (11th Cir. Jan. 21, 2005). Similar to the constitutional rule announced in *Ring*, the constitutional rule announced in *Booker* is a "prototypical procedural rule[]." *See Schriro*, 124 S.Ct. at 2523.

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro*, the Supreme Court noted that "[t]he right to jury trial is fundamental to our system of criminal

procedure," but the Court ultimately held that *Ring*'s "jury-not-judge" rule was not a "watershed rule[] of criminal procedure" to be applied retroactively. *Id.* at 2526. We now join the Seventh Circuit in concluding that the same is true of *Booker*. *McReynolds v. United States*, --- F.3d ----, 2005 WL 237642, at *1 (7th Cir. Feb. 2, 2005) (concluding that *Booker* does not apply retroactively to cases on collateral review and stating that "[a]lthough the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, --- U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is all but conclusive on the point").

Therefore, as the Supreme Court concluded in *Schriro*, we conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review. *See Schriro*, 124 S.Ct. at 2526-27, 159 L.Ed.2d 442.

*Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *see also United States v. Sanchez*, 269 F.3d 1250, 1262-63 (11th Cir. 2001), *cert. denied*, 535 U.S. 942 (2002) (*Apprendi* holding is not retroactive to claims on collateral review). Applying the holding in *Varela*, the Court finds that Petitioner's assertion that he is entitled to relief pursuant to *Apprendi* and *Blakely* lacks merit.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or resulted in a complete miscarriage of justice. Because ""it plainly appears from the motion . . . and the record of prior proceedings that [Petitioner] is not entitled to relief," the motion is subject to summary dismissal. *See* Rule 4(b), Rules Governing Section 2255 Proceedings (2005).

ACCORDINGLY, the Court **ORDERS** that:

1.     Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CV Dkt. 1) is **DENIED**.

2.      The Clerk is directed to enter judgment against Petitioner, terminate any

pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

SA:jsh